## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**AUDREY REED**
624 N Wrigley Ln
Lawrence, KS 66044

        Plaintiff,

                                      Case No.  22-2147

v.

**PHH MORTGAGE CORPORATION**

Serve:
Corporation Service Company
2900 SW Wanamaker Drive, Suite 204
Topeka, KS 66614


**EXPERIAN INFORMATION SOLUTIONS, INC.**

Serve:
The Corporation Company, Inc.
112 SW 7th Street Suite, 3C
Topeka, KS 66603


**EQUIFAX INFORMATION SERVICES, LLC**

Serve:
Corporation Service Company
2900 SW Wanamaker Drive, Suite 204
Topeka, KS 66614


**TRANS UNION, LLC**

Serve:
The Prentice-Hall Corporation System, Kansas, Inc.
2900 SW Wanamaker Drive, Suite 204
Topeka, KS 66614

        Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Audrey Reed, by counsel, and for the complaint against the Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. Counts I-IV are for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Fair Credit Reporting Act).

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681 and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants directed their collection efforts into the District.

## PARTIES

3. The Plaintiff is a natural person and resident of the State of Kansas. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Upon information and belief, Defendant PHH Mortgage Corporation ("PHH") is a corporation authorized to do business in the State of Kansas.

5. Upon information and belief, Defendant PHH regularly furnishes consumer credit information to credit reporting agencies.

6. Upon information and belief, Experian Information Solutions, Inc ("Experian") is a corporation authorized to do business in the State of Kansas.

7. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

9. Upon information and belief, Equifax Information Services, LLC ("Equifax") is a corporation authorized to do business in the State of Kansas.

10. Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12. Upon information and belief, Trans Union, LLC ("Trans Union") is a corporation authorized to do business in the State of Kansas.

13. Upon information and belief, Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL STATEMENTS

15. In April 2013, Plaintiff filed a chapter 13 bankruptcy case, #13-21035, with the confirmed plan surrendering her obligation to pay PHH.

16. Plaintiff's bankruptcy and obligation to PHH was discharged on June 8, 2018.

17. In February 2022, Plaintiff reviewed her credit reports and noticed that PHH was incorrectly reporting a balance of $68,340 and required, ongoing monthly payments of $1,140.

18. Plaintiff disputed the account with Experian, Equifax, and Trans Union on February 28, 2022, stating that PHH should either update the inaccurate information or delete the account due to its age.

19. Upon information and belief, PHH was notified by Experian, Equifax, and Trans Union of the Plaintiff's request for investigation.

20. In a letter dated March 15, 2022, Trans Union verified the PHH reporting as accurate.

21. Experian, Equifax, and Trans Union are all still reporting the full balance and monthly payment amount on the PHH account.

22. Plaintiff is unable to acquire a mortgage loan and was denied a secured credit card due to the PHH account monthly payment inflating her debt-to-income ratio.

## COUNT I
## FAILURE TO CONDUCT REASONABLE INVESTIGATION
## AGAINST PHH

23. Plaintiff alleges and incorporates paragraphs above as if fully set out herein.

24. Upon information and belief, PHH received notice from Experian, Equifax, and Trans Union that the reported balance and ongoing monthly payments were both incorrect, along with a request to reinvestigate the information.

25. Upon information and belief, PHH verified the incorrect information to Experian, Equifax, and Trans Union.

26. PHH violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to furnish incorrect information within Plaintiff's credit file with Experian, Equifax, and Trans Union; by failing to fully and properly investigate the Plaintiff's dispute of the PHH representation; by failing to review all relevant information regarding the same; by failing to accurately respond to Experian, Equifax, and Trans Union; by failing to notify all credit reporting agencies of a required update; and by continuing to provide false information to Experian, Equifax, and Trans Union after the dispute.

27. As a result of this conduct, action and inaction of PHH, the Plaintiff suffered actual damages, including but not limited to, damage to the Plaintiff's credit rating; hindrance of her ability to acquire a mortgage or secured credit card; incurrence of attorney fees and court costs; and the time required in trying to resolve this matter.

28. PHH fails to have proper procedures in place to protect consumers like Plaintiff and the information disseminated to the credit reporting agencies.

29. A reasonable investigation would have shown that Plaintiff was no longer responsible to pay on the PHH account which was discharged in Chapter 13 bankruptcy.

30. PHH's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.

§ 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

31. The Plaintiff is entitled to recover costs and attorney's fees from PHH in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II
## FAILURE TO CONDUCT REASONABLE INVESTIGATION
## AGAINST EXPERIAN

32. Plaintiff realleges and incorporates paragraphs above as if fully set out herein.

33. Through dispute, Experian was informed the PHH account was incorrect and should be updated or deleted due to age.

34. As part of the dispute, Plaintiff provided Experian documentation including the Chapter 13 bankruptcy summary and Order of Discharge.

35. A reasonable investigation would have shown that Plaintiff was no longer responsible to pay on the PHH account which was discharged in Chapter 13 bankruptcy.

36. Upon request, Defendant Experian failed to conduct a reasonable investigation with regards to the Plaintiff's PHH account.

37. Therefore, Experian continued to report the incorrect information on the Plaintiff's credit report.

38. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures to with which to filter and verify disputed information in the Plaintiff's credit file.

39. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered actual damages, including but not limited to, damage to the Plaintiff's credit rating; hindrance of the ability to acquire a mortgage loan and credit card; incurrence of fees to conduct the credit dispute; costs of postage and certified mail; and the aggravation, time, and inconvenience in trying to resolve this matter.

40. Experian's conduct, action and inaction, was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

41. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT III
## FAILURE TO CONDUCT REASONABLE INVESTIGATION
## AGAINST EQUIFAX

42. Plaintiff realleges and incorporates paragraphs above as if fully set out herein.

43. Through dispute, Equifax was informed the PHH account was incorrect and should be updated or deleted due to age.

44. As part of the dispute, Plaintiff provided Equifax documentation including the Chapter 13 bankruptcy summary and Order of Discharge.

45. A reasonable investigation would have shown that Plaintiff was no longer responsible to pay on the PHH account which was discharged in Chapter 13 bankruptcy.

46. Upon request, Defendant Equifax failed to conduct a reasonable investigation with regards to the Plaintiff's PHH account.

47. Therefore, Equifax continued to report the incorrect information on the Plaintiff's credit report.

48. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures to with which to filter and verify disputed information in the Plaintiff's credit file.

49. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered actual damages, including but not limited to, damage to the Plaintiff's credit rating; hindrance of the ability to acquire a mortgage loan and credit card; incurrence of fees to conduct the credit dispute; costs of postage and certified mail; and the aggravation, time and inconvenience in trying to resolve this matter.

50. Equifax's conduct, action and inaction, was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

51. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT IV
## FAILURE TO CONDUCT REASONABLE INVESTIGATION
## AGAINST TRANS UNION

52. Plaintiff realleges and incorporates paragraphs above as if fully set out herein.

53. Through dispute, Transunion was informed the PHH account was incorrect and should be updated or deleted due to age.

54. As part of the dispute, Plaintiff provided Transunion documentation including the Chapter 13 bankruptcy summary and Order of Discharge.

55. A reasonable investigation would have shown that Plaintiff's was no longer responsible to pay on the PHH account which was discharged in Chapter 13 bankruptcy.

56. Upon request, Defendant Transunion failed to conduct a reasonable investigation with regards to the Plaintiff's PHH account.

57. Therefore, Transunion continued to report the incorrect information on the Plaintiff's credit report.

58. Transunion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures to with which to filter and verify disputed information in the Plaintiff's credit file.

59. As a result of this conduct, action and inaction of Transunion, the Plaintiff suffered actual damages, including but not limited to, damage to the Plaintiff's credit rating; hindrance of the ability to acquire a mortgage loan and credit card; incurrence of fees to conduct the credit dispute; costs of postage and certified mail; and the aggravation, time and inconvenience in trying to resolve this matter.

60. Transunion's conduct, action and inaction, was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

61.     The Plaintiff is entitled to recover costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Audrey Reed respectfully requests this Court award the following:

a.   the greater of actual or statutory damages against PHH Mortgage Corporation for violations of the FCRA under Count I;

b.   the greater of actual or statutory damages against Experian Information Solutions, Inc., for violation of the FCRA under Count II;

c.   the greater of actual or statutory damages against Equifax Information Services, LLC, for violation of the FCRA under Count III;

d.   the greater of actual or statutory damages against Trans Union, LLC, for violation of the FCRA under Count IV;

e.   punitive damages against each defendant for violations of the FCRA;

f.   attorneys' fees and costs of this action;

g.   for corrections to be requested to any credit reporting agency furnished credit information from PHH Mortgage Corporation;

h.   such other relief as may be deemed just and proper;

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

## DESIGNATION OF PLACE OF TRIAL

Please take notice that Plaintiff requests trial to be located in Kansas City, Kansas.

By: **/s/Ryan D. Knipp**
Ryan D. Knipp #23225
Knipp Law
6651 N Oak Trafficway, Ste 17
Gladstone, MO 64118
admin@thekcbk.com
Phone: (816) 381-9400
Fax: (816) 321- 0307
**COUNSEL FOR PLAINTIFF**